and we have Mr. Arthur Morris arguing solo. You may proceed with the appellate. My name is Art Morris and I'm here on behalf of the defendant, in this case Charles Schupbach. This is an appeal from a civil case in Randolph County whereby the court made two rulings. One a partial summary judgment in the case and later a final judgment in May or June of 2010. This case involves what I call a classic appurtenant easement. I'm also not sure if I have it but apparently there's a lot of those. Basically the facts of this case are important so I'm going to go through it a little bit unless the court interrupts and has questions. This case involves a small parcel of ground, approximately a quarter of an acre. To give you a general idea, in 1952 it was one parcel owned by a single person. It was a fellow named Dr. Stevenson. In 1952 he split that parcel up and sold it to another doctor, Dr. Fulgham. When the parcel was won, there was a roadway that made an L from Market Street and came across the parcel of ground and hit Main Street. On one side of the parcel there was a home, on the other side of the parcel there was a commercial office building that used to be called the Spartan Hospital. That parcel remained that way until 1969 when Dr. Stevenson sold the home parcel to some folks named the Pardentons. Shortly after they bought the property, they built an addition to their home on that little roadway. Shortly thereafter, the other parcel, which was owned by Dr. Fulgham, which was the office building, he removed the roadway on his property and built a parking lot and a canopy. And that is the way that property has existed until today. When you say removed the roadway, what was physically done? What was physically done, Your Honor, there was a driveway, a rock concrete kind of looking driveway. It was obviously 1952. It remained in that condition until 1969. Between 1969 and 1973 is the best facts we've got. A house was built on the front portion of the roadway. An addition to the house. That's correct. And approximately at the same time frame, there was a question back from one of them, but I don't think it's important to the outcome of the case. On the office building portion, the road was actually removed. I mean, in other words, they literally dug it up. Dug it up. They built a parking lot there and built a metal canopy over the parking lot. A canopy that has an air conditioner on it and there's some trash cans underneath it and that kind of stuff. But it was used for patron parking for the office building from that time frame to today's date. So physically, from a physical appearance looking at it standpoint, no part of that driveway exists? If you look at it today, it's all a concrete parking lot. That's correct. And that's the issue we have now. It remained predecessor to title, used it the same way, including the defendant in this case. In 2007, the plaintiffs in this case purchased the parcel with the home on it. And there's no doubt that at one point in time when the property was split up, that there was a reservation in the deed to use the driveway. And what it comes down to is whether or not that easement is still in existence today. In 2007, the plaintiffs bought this piece of property. They came to the defendant and said, we want to start using that driveway even though one didn't exist there because we have it in our deed. And that's why we were in court and that's why we are here today. And basically, the facts are pretty much undisputed along those lines. No one really questions that. The plaintiffs filed a complaint for injunctive relief. They've asked the court to require the defendant in this case to remove the parking lot, remove the canopy, and allow the plaintiffs in this case to utilize what was previously described as a driveway, which now is a concrete parking lot, but to be used for ingress and egress. And pretty much the only evidence that is contrary, and I want to be fair to the court, and be completely honest because you got the transcript before anyway, what the argument was in the pleadings and the motion for summary judgment and eventually the trial in this case, because the court only granted a partial summary judgment, was that Mrs. Partington, the predecessor in interest to the plaintiffs, who pretty much owned the property during that time frame, after they built their additional house, she testified in depositions and at trial that she would walk her dog across the parking lot or her husband would access that if he had to walk to work. And that basically is the evidence of usage of any sort during the time frame that the parties own this piece of property. And that was the evidence against abandonment? That's correct. That's correct. And the court found, the plaintiffs filed a motion for summary judgment in this case, and of course the evidence was pretty much undisputed. We filed counter affidavits by our predecessors entitled, indicating facts I just stated to the court, and the court pretty much found that since they walked across this parking lot, even though the parking lot, I'll make sure the court understands, the parking lot is 25-something feet with a big canopy on it, there's no evidence the roadway was ever that. The court found that since there was some pedestrian traffic, even though it says a driveway, that we still think that that easement existed even though no one utilized it other than that fashion for 35 plus years. The court pretty much found there was no abandonment, which is what we were arguing, and then eventually had a trial, the same evidence basically came in a trial, and the court found, obviously we had two affirmative defenses at that time, which were, I'm sorry, abandonment and adverse possession. And the strange thing about it is we objected to the partial summary judgment because two things. One, the plainest complaint in this case alleged an easement over a piece of ground that wasn't there. So in other words, they filed a complaint and they said they had an easement over the south 59.5 feet of this parcel. Well, there's a building on that piece of parcel. So we tried to explain that to the court, but granted the easement, granted the summary judgment anyway. It's their building. No, it was the defendant's building. Okay. What happened in the chain of title of this piece of property, the easement was ultimately re-described and re-described incorrectly. And that came out in trial. Eventually it was discovered in trial. The other unusual thing in this case, which is, you know, I never say never, is that after the summary judgment motion was granted, well, it was a partial summary judgment motion, and before trial, the plaintiffs in this case filed a corrected deed. And basically what they do is they go in and they try to describe very specifically where they think this easement was. And they have a real specific description, 7.2 feet, and go a certain width. And court, in its final order, indicates they granted a partial summary judgment, but the partial summary judgment was over the specific description that wasn't even in existence at the time the summary judgment was there. And prior to that, in the original grant of the easement, it was just described, if I remember right, something like driveway on the west end. It's specifically reserved in the grant for the right to use the driveway on the premises. There was no how wide it was, how long it was, anything along those lines. It was just like on the west edge or whatever it was. And there's a whole line of case law, and that's why we're here today, that specifically says the river in that case, which is an appellate court decision on the second district. But it's a good decision, especially because I think it favors us, but also it gives a history of defining the uses of easements. And basically what the case says is, look, if the easement describes a specific purpose, you can't expand on that. In other words, the owner of the serene estate, which would be the defendant in this case, the dominant estate, the person using the easement, but any rights that are not specifically describing it fall upon the serving owners. And that's really what the argument comes down to in this particular case, is that, look, if it was a driveway easement, there's no doubt no one's driving from the dominant estate. They've driven on that easement for 35 plus years. There's no difference about the five. The best evidence plaintiffs could come up with was an elderly lady who basically says we walked across it. And not specifically the particular area in question, although we don't doubt that she may have walked across a specific area in question, if we could discover where it was at. Just to make sure I understand, at this point, both parties have their buildings on the location of the easement, because the plaintiffs put an addition on there. The roadway, and I guess if you wanted, this is a very small part, so of course it's a quarter of an acre. We've got a house on one, we've got a building on another. The actual building is not on the roadway, but the roadway was taken up and then it's placed, put in a parking lot in a camp. Okay, so from the defendant's standpoint, the building does not extend over where the easement originally was. That's correct. But the plaintiffs' addition to their house extended over. That's correct. And there still is a portion of that driveway still there, because it was how they get to their house. But that's from Market Street, Your Honor, and I know it's kind of difficult without showing a picture, but it's pretty much the properties at the intersection of Main Street and Market Street, the roadway made an L this way and came back down this way to Main Street. So yes, the house blocks the roadway as it comes this way. And pretty much that's what the argument is. Is there still a little small space where there's a green space? Sure there is. Did it all get torn up? No, it did not. But the part of the question they're talking about certainly does. And it really comes down to the intent of the parties, and that's what the case law says. If you look at the Wabash case, the Supreme Court case, it says you've got to look at the intent of what the parties were, and really their acts, not only the acts of the dominant owner, which in this case we would say building your house on top of it would be a good act if you have no intention to use it anymore, but also the acts of the Serbian owner, in this case with my client's predecessors entitled, who tore up the road and replaced it. Open, notorious, adverse, hostile position. Correct. And the case law says, hey, you look at those issues, and not only did those acts, no one complained about them. In other words, they acquiesced to the fact that we dug it up. You know, for 35 years there's been a different structure there, a different type of improvements around that piece of property, and for 35 years until 2007 we get a new owner, no one complains about it. As a matter of fact, what's really interesting in this case is that the predecessor entitled to the plaintiff, which is Mrs. Partington, I keep using her, and she's a very nice lady, she didn't even remember there being an easement there. You know, so it's, you know, her testimony is very clear why she said she didn't walk across it and, you know, and that was pretty much the testimony, and I asked her, and I go, do you even remember there being an easement? She said, I don't even remember there being an easement. So, you know, after 35 years she didn't even recall, so I don't know what more intent you would have other than that. It just comes down to that I think the court was just wrong in its ruling, and I don't, if you look at all the facts, there's, if this isn't an abandonment case, I don't think you can have it. I mean, it just, literally, there's no facts that support that position as far as I'm concerned. I think the evidence supports our position in this case, and that's about all I can say. I think it's agreed to briefs, and apparently you've read it partially, but I think the case law supports our position. I think the court improperly ruled when it granted the motion. It really didn't make a difference in the long run, although I don't know what the court considered. When it didn't, when it granted the partial motion for summary judgment, you know, it pretty much based it upon the fact that it thought that walking across the parking lot was sufficient to extend the duration of the easement, but I think ultimately the court considered all the evidence in its final decision. But again, two things it did, which is extremely, I think, is incorrect is one, it found that this easement existed over 7.2 feet, which just doesn't, there's no evidence to that effect, and two, it's required us to remove these structures that have been there for, you know, almost 40 years, and I think that's just not, it's contrary to what the law is in this case. Unless you have some questions. Thank you. Okay, thank you.